**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| R.V.B., Petitioner, | : | |
| v. | : | Case No. 4:26-cv-890-CDL-ALS<br>28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, Respondents. | : | |

## ORDER

On June 2, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing within seven days to determine if Petitioner may be released on bond, or file a motion seeking relief from the order. (ECF No. 4). The Court also ordered that once a bond hearing was held, Petitioner should file a notice of dismissal. *Id*. When the time for compliance passed without the filing of either a motion from Respondents seeking relief or a notice of voluntary dismissal from Petitioner, the Court ordered Petitioner to either file a notice of dismissal or respond and show cause within seven days why this action should not be dismissed as moot. (ECF No. 8). Petitioner filed a response, claiming that the bond hearing he was provided failed to comply with the Court's order or due process. (ECF Nos. 9, 10).

Other petitioners have made similar allegations regarding their bond hearings, and in order to expedite consideration of those motions, the Court consolidated them into one case. *See R.R.C. v. Streeval*, 4:25-cv-525-CDL-CHW. The consolidation order is attached. This case is appropriate for consolidation into R.R.C. Therefore, the Court orders that within **SEVEN (7) DAYS**, Petitioner either file a notice of consolidation into R.R.C. or

show cause why this action should not be dismissed as moot in light of the fact that he was provided with a bond hearing as ordered.

**SO ORDERED**, this 21st day of September, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| *R.R.C., et al.*, | * | CASE NOS. 4:25-CV-525 (CDL) |
| | | 4:25-cv-527 (CDL) |
| Petitioners, | * | 4:26-cv-073 (CDL) |
| | | 4:26-cv-076 (CDL) |
| vs. | * | 4:26-cv-098 (CDL) |
| | | 4:26-cv-163 (CDL) |
| WARDEN, STEWART DETENTION | * | 4:26-cv-176 (CDL) |
| CENTER, *et al.*, | | 4:26-cv-226 (CDL) |
| | * | 4:26-cv-249 (CDL) |
| Respondents. | | 4:26-cv-266 (CDL) |
| | * | 4:26-cv-271 (CDL) |

O R D E R

Petitioners are detainees at the Stewart Detention Center awaiting removal proceedings. The Court previously ordered Respondents to provide Petitioners with bond hearings to determine if each Petitioner may be released on bond under 8 U.S.C. § 1226(a) and the applicable regulations. Petitioners assert that an immigration law judge failed to provide them with constitutionally adequate bond hearings, and each Petitioner filed a motion to enforce judgment.

The above captioned cases involve common questions of law and fact. Therefore, they are consolidated pursuant to Federal Rule of Civil Procedure 42. The lead case shall be 4:25-CV-525 (CDL), and all future filings, including Petitioners' forthcoming motion for discovery and Respondents' response to that motion, should be filed only in that case.

For any additional cases that raise common questions of law and fact because of a similar motion to enforce judgment based on an immigration judge's alleged failure to provide a constitutionally adequate bond hearing, counsel for the petitioner shall file a notice in that case stating that it should be consolidated into this action. Upon receipt of such a notice, the Clerk shall consolidate the action into this action.

IT IS SO ORDERED, this 24th day of February, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA